IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**WELLS FARGO BANK, N.A.**                                      **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO.
                                                                2:09-CV-150-S-A**

**O'CONNOR,** *ET AL*                                           **DEFENDANTS**

## ORDER

The plaintiff, Wells Fargo Bank, has brought this case against the defendant, John C. O' Connor individually and the John Christopher O'Connor Declaration of Trust. Mr. O' Connor has notified the court that he intends to represent himself *pro se* and also to represent the Trust *pro se* in this case.

A party may represent itself in court only in accordance with 28 U.S.C. § 1654, which states:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel, as by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

An individual may appear on behalf of himself, but that right is personal to the individual. *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)). An individual lacks the authority to appear on behalf of anyone else. *Id.* In particular, "a non-attorney trustee may not represent a trust *pro se* in an Article III court." *Hale Joy Trust v. C.I.R.*, 57 Fed.Appx. 323, 324 (9th Cir. 2003); *see also Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994); *Gabayzadeh v. Taylor*, 639 F.Supp.2d 298, 301 (E.D.N.Y. 2009); *see generally* 32 Am. Jur. 2d *Fed. Courts* § 149 (2009).

Accordingly, Mr. O'Connor may not represent the Trust in this case. Mr. O'Connor, as

trustee, has twenty days from the date of entry of this Order to retain a licensed attorney who is admitted to practice in this court to represent the Trust. Mr. O'Connor is warned that failure to comply with orders of this court may result in sanctions, and in particular, failure to obtain an attorney could result in a default judgment being entered against the Trust for failure to defend. Substituted counsel must make an entry of appearance on the trust's behalf no later than December 21, 2009. Until that time, Mr. O'Connor may receive copies of court orders and plaintiff must serve both defendants with any documentation at the following address until an attorney has made an appearance:

>   John Christopher O'Connor
>   61 Porter Lane
>   Hermosa Beach, CA 90254

The court also notes that Mr. O'Connor failed to attend the Case Management Conference held before the undersigned on November 17, 2009. Because he is proceeding *pro se* and because he resides in California, the court declines to impose its normal sanction for failure to appear for a conference,[1] but defendants are admonished that, despite the fact that they are currently unrepresented by counsel, they are nevertheless required to abide by the Rules of this Court and any Order entered by the Court. Failure to do so can result in sanctions, up to and including entry of a default judgment against the defendants.

So **ORDERED**, this the 19th day of November, 2009.

/s/ S. Allan Alexander

---

[1] Ordinarily, the court fines a party from $200 to $250 and requires that the party pay the opposing party's reasonable expenses, including attorney's fees, incurred in attending a court proceeding at which the offending party has failed to appear.

2

UNITED STATES MAGISTRATE JUDGE