# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**WELLS FARGO BANK, N.A.**                                                                      **PLAINTIFF**

**V.**                                                                   **CAUSE NO.: 2:09CV150-SA-SAA**

**JOHN CHRISTOPHER O'CONNOR,**
*Trustee of John Christopher O'Connor Declaration of Trust,*
*dated Jan. 20, 2004,* **and JOHN CHRISTOPHER O'CONNOR,**
*Individually*                                                                                  **DEFENDANTS**

## ORDER ON MOTIONS

Plaintiff filed this suit to recover damages incurred as a result of Defendants' breach of the terms of a promissory note and deed of trust. Defendants filed a Motion to Dismiss [13], and Plaintiff filed a Motion for Summary Judgment [20]. For the foregoing reasons, the Motion to Dismiss [13] is DENIED, and the Motion for Summary Judgment [20] is GRANTED.

Defendants executed a Multi-Family Note in favor of LaSalle Bank National Association ("LaSalle") in the amount of $920,000. On June 15, 2005, to secure repayment of the Note, the Defendant Trustee executed a Multifamily Deed of Trust, Assignment of Rents and Security Agreement regarding certain real property located in DeSoto County, Mississippi, and known as the Bradford Trace Apartments, in favor of LaSalle. LaSalle thereafter assigned the Deed of Trust and endorsed the Note over to Wells Fargo.

Defendants failed to pay the amounts due under the Note. Wells Fargo declared the indebtedness to be in default and accelerated the full balance of the loan as due and payable. When the indebtedness was not cured, Wells Fargo foreclosed on the property on March 13, 2009. The property was purchased by Wells Fargo at auction for $540,000. Wells Fargo brought this suit to recover all unpaid principal, interest, late charges, penalties, attorneys' fees, and costs incurred as

a result of Defendants breach of the promissory note.

*Motion to Dismiss*

Defendants filed a motion to dismiss on the basis that the promissory note was never personally guaranteed, and the Plaintiff refused to negotiate any repayment plan after Defendants defaulted.

In order to avoid dismissal pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955. The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litig., 495 F.3d at 205.

Plaintiff attached to its Verified Complaint a copy of the promissory note and deed of trust. John Christopher O'Connor signed the promissory note in his capacity as Trustee and also individually as Guarantor. Defendants do not dispute that the loan was defaulted on, that the property was auctioned off, or even that damages are owed to the Plaintiff. Defendants only argument is that Wells Fargo refused any "flexibility, negotiation or relief" despite the "Catastrophic 'Acts of God' Circumstances of World Wide economic and Real Estate Market collapse." Defendants have failed to sustain the burden that Plaintiff has not plead enough facts to state a claim to relief. Defendants' Motion to Dismiss [13] is DENIED.

*Motion for Summary Judgment*

Plaintiff filed a Motion for Summary Judgment on the basis that no genuine issues of material fact exist in this litigation. Defendants have not responded to the motion. Summary judgment is

proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2). No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v.Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id., 106 S. Ct. 2505. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50, 106 S. Ct. 2505 (citations omitted).

Defendants acknowledge that the promissory note and deed of trust were executed by John Christopher O'Connor. O'Connor contends that he did not sign the promissory note in his individual capacity, and therefore, can not be held personally liable for that debt. The promissory note was signed by "John Christopher O'Connor, Trustee of John Christopher O'Connor Declaration of Trust, dated January 20, 2004," and "John Christopher O'Connor, Individually" as "Guarantor(s)."

Contracting parties are bound as a matter of law by what they sign. See, e.g., Bailey v. Estate of Kemp, 955 So. 2d 777, 783 (Miss. 2007); Oaks v. Sellers, 953 So. 2d 1077, 1082 (Miss. 2007); Carter v. Citigroup, Inc., 938 So. 2d 809, 818 (Miss. 2006). In Mississippi, a person is charged with knowing the contents of any document that he executes. Andrus v. Ellis, 887 So. 2d 175, 180 (Miss. 2004). Further, "[a] person cannot avoid a written contract which he has entered into on the ground that he did not read it or have it read to him." Id. The Mississippi Supreme Court has explained that "[t]o permit a party when sued on a written contract to admit that he signed it but to deny that it expresses the agreement he made or to allow him to admit that he signed it but did not read it or

know its stipulations would absolutely destroy the value of all contracts." Alliance Trust Co., Ltd. v. Armstrong, 186 So. 633, 635 (Miss. 1939). John Christopher O'Connor clearly signed the promissory note as "Guarantor." The contract specifically provides that the "Note shall be the joint and several obligation of all makers, sureties, *guarantors* and endorsers, and shall be binding upon them and their successors and assigns." (Emphasis added). Thus, John Christopher O'Connor is individually liable for the promises made under the Note.

The original principal amount on the Note executed on June 10, 2005, was $920,000. Defendants defaulted on the Note, and Wells Fargo foreclosed on the property securing the Note on March 13, 2009. As of August 6, 2009, the Note had an outstanding principal balance of $884,950.05, had accrued interest in the amount of $26,004.50, had incurred default interest in the amount of $38,025.07, and had incurred an additional $39,151 in late fees, penalties and other related fees. After crediting the $540,000 winning bid against the outstanding balance of Defendants' indebtedness, the net deficiency balance due and owing on the Note, as of August 6, 2009, was $448,130.62.

Plaintiff asserts that interest continues to accrue on the Note at a per diem of $121.82. Thus, from August 6, 2009, until this date, February 22, 2010, the interest due Plaintiff has increased by $24,364.[1] Accordingly, as of February 22, 2010, Defendants owe $472,494.62.

The Note also provides that "[i]n the event of any default in the payment of this Note, and if the same is referred to an attorney at law for collection or any action at law or in equity is brought with respect hereto, the undersigned shall pay the holder thereof all expenses and costs, including, but not limited to, attorney's fees." Thus, Plaintiff contends that as of August 6, 2009, Defendants

---

[1] 25 (days remaining in August) + 30 (September) + 31 (October) + 30 (November) + 31 (December) + 31 (January 2010) + 22 (February) = 200 (121.82) = $24,364.

owes Wells Fargo $20,405.88 in attorneys' fees, collection costs, and foreclosure costs. Plaintiff is directed to supplement its request for attorneys' fees for all fees and costs incurred since that date within 14 days of entry of this Order.

*Conclusion*

Defendants executed the Promissory Note and Deed of Trust in June of 2005. That Note was signed by John Christopher O'Connor in his capacity as a Trustee and in his individual capacity. Defendants are jointly and severally liable for $492,900.50$^2$ plus additional attorneys' fees and costs incurred since August 6, 2009. Plaintiff has fourteen days to supplement its request for attorneys' fees. A final judgment will issue after supplementation.

Defendants' Motion to Dismiss is DENIED [13], and Plaintiff's Motion for Summary Judgment [20] is GRANTED.

SO ORDERED, this the 22nd day of February, 2010.

 /s/ Sharion Aycock  
**U.S. DISTRICT JUDGE**

---

$^2$$472,494.62 + $20,405.88 = $492,900.50.